# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0692V
(not to be published)

| | |
|---|---|
| CAROLYN CLARK,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 15, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; First Class Airfare |

*Michael G. McLaren*, Black McLaren et al., P.C., Memphis, TN,, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 10, 2019, Carolyn Clark filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration as a result of an influenza vaccination received on November 7, 2016. (Petition at 1). On May 26, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 35).

Petitioner has now filed a motion for attorney's fees and costs, dated October 20, 2021 (ECF No. 41), requesting a total award of $40,105.31 (representing $36,910.50 in

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

fees and $3,194.81 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she not incurred no out-of-pocket expenses. (ECF No. 41-3). Respondent reacted to the Motion on October 21, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 42). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

I have reviewed the rates requested for the work of the various attorneys and legal staff involved in this case. The billing invoices indicate that most of the time billed was performed by Christopher Webb, plus some law clerks and paralegals. (ECF No. 41-2 at 20). The rates requested for Mr. Webb have been previously reviewed in other cases and deemed appropriate and shall be awarded in this matter as well. And the time billed to the matter was reasonably incurred, and shall not therefore be reduced.

Petitioner also requests rates ranging from $153.00 per hour to $161.00 per hour for work performed by paralegals and law clerks. (Id.) The rates requested for all parties are consistent with what has been previously awarded for their work in the Vaccine Program for time billed through 2021, and the amount of work performed by paralegals was reasonable.

## ATTORNEY COSTS

Petitioner seeks $3,194.81 in attorney's costs that include travel, medical records, postage and filing. (ECF No. 41-2 at 21). Upon my review of the receipts submitted for travel, however, it appears the amount of costs requested for reimbursement of airfare charges are somewhat excessive. All travel was billed by Mr. Webb, who has had previous requests for airfare costs reduced, yet continues to bill for travel that is *not* reimbursable by the Program.[3]

Specifically, the submitted cost substantiation indicates that Mr. Webb booked a first-class flight from Memphis, TN to Columbus, OH on June 12, 2019, to meet with the Petitioner, at a cost of $958.00. (ECF No. 41-2 at 35). Petitioner only requests reimbursement for the (slightly) lower sum of $908.00, presumably based on the idea that this was the coach ticket cost. (Id. at 45 - 48). Independent research, however, establishes that a coach ticket for the same route traveled, purchased around the same

---

[3] Black McLaren has had requests for attorney's costs previously reduced for excessive airfare and other luxury costs in multiple cases including but not limited to; *Wright v. Sec'y of Health & Human Servs.,* No. 12-0423V, 2018 WL 7051676 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); *Digerolamo v. Sec'y of Health & Human Serv.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. Jun. 28, 2019); *Spivey v. Sec'y of Health & Human Serv.,* No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); and *Lepper v. Sec'y of Health & Human Servs.,* No. 18-0984V, 2019 WL 7580152 (Fed. Cl. Spec. Mstr. Dec. 12, 2019).

time, would likely cost no more than $387 ($620 round trip) – a fraction of what Petitioner seeks.

Counsel in this case has been *repeatedly* warned not to request first class rates, but continues to do so. *See, Wright v. Sec'y of Health & Human Servs.,* No. 12-0423V, 2018 WL 7051676 (Fed. Cl. Spec. Mstr. Dec. 10, 2018); *Digerolamo v. Sec'y of Health & Human Serv.,* No. 16-0920V, 2019 WL 4305792 (Fed. Cl. Spec. Mstr. Jun. 28, 2019); *Spivey v. Sec'y of Health & Human Serv.,* No. 18-0959V, 2019 WL 7580151 (Fed. Cl. Spec. Mstr. Dec. 12, 2019); and *Lepper v. Sec'y of Health & Human Servs.,* No. 18- 0984V, 2019 WL 7580152 (Fed. Cl. Spec. Mstr. Dec. 12, 2019). Most recently, counsel was warned that if requesting first class airfare continued, the request will be denied in its entirety. *See Robinson v. Sec'y of Health & Human Servs.,* No. 18-1134V, 2020 WL 4198759 (Fed. Cl. Spec. Mstr. May 8, 2020).

As counsel has not complied with prior warnings regarding first class airfare, I hereby ***deny*** the requested $908.00 for airfare.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$39,197.31** (representing $36,910.50 in fees and $2,286.81 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.